IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ALI NAGI ALSHAIF,
        Plaintiff,        CV F 06 0938 LJO WMW
   vs.
                             FINDINGS AND RECOMMENDATIONS

MICHAEL CHERTHOFF, et al.,

    Defendants.

Plaintiff brings this action pursuant to 8 U.S.C. § 1447(b) to adjudicate his Application for Naturalization within 120 days as required by § 1447(b). Defendants seek a remand, on the ground that they are prepared to adjudicate Plaintiff's Application for Naturalization within 60 days if the court remands this matter to the U.S. Citizenship and Immigration Services (USCIS).

8 U.S.C. § 1447(b) directs that:

> If there is a failure to make a determination under section 335 before the end of the 120 day period after the date on which the examination is conducted under such section, the applicant may apply to the United States District Court for the district in which the applicant resides for a hearing on the matter. Such a court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Plaintiff requests the Court to determine the matter. Defendants seek a remand to the USCIS.

Plaintiff invokes this court's jurisdiction pursuant to 8 U.S.C. § 1447(b). The United States Code provides a remedy if the Service fails to serve written notice within 120 days of an interview as set forth in 8 C.F.R. § 336.1. Title 8 U.S.C. § 1447(b) gives the district court exclusive jurisdiction over a pending naturalization application when: (1) over 120 days pass

1

1  from the date of the initial examination; (2) the applicant properly invokes the court's authority;
2  and (3) there are no deportation proceedings pending against the applicant. United States v.
3  Hovsepian, 359 F.3d 1144, 1164 (9th Cir. 2004). In Hovsepian, the Ninth Circuit addressed
4  whether 8 U.S.C. § 1447(b) gives district courts exclusive jurisdiction or concurrent jurisdiction
5  over naturalization applications. Hovsepian, 359 F.3d at 1159-60. The Ninth Circuit held that 8
6  U.S.C. § 1447(b) allows the district court to obtain exclusive jurisdiction over those
7  naturalization applications on which the Service fails to act within 120 days if the applicant
8  properly invokes the court's authority. Hovsepian, 359 F.3d at 1164.

9       In the complaint, Plaintiff indicates that on or about June 27, 2005, he filed an application
10 for Naturalization with the USCIS office in Laguna Nigel, California.  The matter was
11 transferred to the Fresno office because Plaintiff resides in Fresno, California.  On or about
12 November 17, 2005, Plaintiff took and passed a test for United States Citizenship.   Plaintiff has
13 made inquiries about the status of his application and the reasons for delay in the adjudication of
14 his application.  On each occasion, he was told that he had to wait for a security clearance.
15 Plaintiff specifically indicates that he "desires a judicial determination of his naturalization
16 application and a declaration that he is entitled to be naturalized as a citizen of the United States.
17 " Compl., ¶ 10.   Plaintiff's application has not been adjudicated.  Jurisdiction pursuant to §
18 1447(b) is therefore available.

19      Plaintiff also indicates that his claim to naturalization arises under 8 U.S.C.§ 1421(c).
20 That section provides that:

21        A person whose application for naturalization under this subchapter is denied,
          after a hearing before an immigration officer under section 1447(a) of this Title,
22        may seek review of such denial before the United States district court for the
          district in which such person resides in accordance with chapter 7 of Title 5.
23        Such review shall be de novo, and the court shall make its own findings of fact
          and conclusions of law and shall, at the request of the petitioner, conduct a
24        hearing de novo on the application.

25      Other than the limited review set forth in section 1447(b), the Court may only review the
26

denial of a naturalization application if the applicant has exhausted his or her administrative appeals. 8 U.S.C. § 1447(a) provides that if an application is denied, the applicant may request a hearing before an immigration officer. "Unsuccessful applicants must first take an administrative appeal of the denial and complete the INS's administrative process before taking seeking judicial review." Hovsepian, 359 F.3d at 1162, n. 15 (citing 8 U.S.C. § 1421(c), (d); 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2.); Pichardo-Martinez v. Ashcroft, 399 F.Supp.2d 1043, 1045 (D. Ariz. 2005).

Where, as here, exhaustion of administrative remedies is required by statute, exhaustion is jurisdictional and must be enforced. See McCarthy v. Madigan, 503 U.S. 140, 144 (1992); Coit Independence Joint Venture v. FSLIC, 489 U.S. 561, 579 (1989); Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir. 2004). Accordingly, this Court lacks jurisdiction over this action pursuant to 8 U.S.C. § 1421(c).

Defendants agree that while this Court may have jurisdiction under section 1447(b) based upon the filing of Plaintiff's complaint, this Court is also authorized under that statute to remand to USCIS with instructions to decide Plaintiff's Application for Naturalization. Defendants argue that a remand is appropriate here because USCIS should be given the opportunity to decide Plaintiff's application. Defendants note that if the application is granted, this litigation is moot. If the application is denied, he may seek review by USCIS before applying for de novo review from this Court under 8 U.S.C. § 1421(c).

As to Plaintiff's Equal Access to Justice Act claim, The Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 and 28 U.S.C. § 2412, provides that prevailing parties in certain adversarial proceedings against the United States may recover attorney's fees from the United States. Here, Plaintiff would not be entitled to these fees because, at this time, Plaintiff is not the prevailing party.

In general, the fees and expenses allowed for by Section 504(a)(1) are for adjudications

made under the Administrative Procedure Act that are subject to or governed by 5 U.S.C. § 554. Ardestani v. INS, 502 U.S. 129, 135 (1991); Collord v. U.S. Dept. of Interior, 154 F.3d 933, 936 (9th Cir. 1998). Generally, immigration proceedings are not governed by the Administrative Procedure Act. See Ardestani, 502 U.S. at 137; Silveyra v. Moschorak, 989 F.2d 1012, 1015 (9th Cir.1993); Castillo-Villagra v. INS, 972 F.2d 1017, 1026 (9th Cir.1992); Full Gospel Portland Church v. Thornburgh, 927 F.2d 628, 630-31 (D.C. Cir.1991); Clarke v. INS, 904 F.2d 172, 174-78 (3d Cir.1990). Thus, Plaintiff would not be entitled to the fees and costs that have arisen out of Plaintiff's naturalization application.

Finally, nothing in 5 U.S.C. § 504, nor any other provision of the EAJA, provides a basis for this court's jurisdiction over this action.

Congress has directed that the Executive Branch conduct a thorough background investigation of each alien to confirm that he or she is eligible for naturalization. *See* INA § 335(a),(b); 8 U.S.C. § 1446(a),(b). The regulations describing the background check provide that the investigation "shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application. . ." 8 C.F.R. § 335.1 (2004)(*emphasis added*). Pursuant to this minimum statutory requirement, USCIS conducts three forms of security and background checks when a lawful permanent resident (LPR) alien applies for naturalization - the FBI fingerprint check, a check against DHS' own Interagency Border Inspection System, and an FBI name check. These checks are all designed to meet the minimum requirements of INA § 335(a),(b), 8 U.S.C. § 1446(a),(b), and 8 C.F.R. § 335.1. The three background checks conducted by USCIS are also necessary in order to determine whether the alien has established that: (1) there are no permanent or statutory bars to naturalization, *see* 8 C.F.R. § 316.10(b)(1); 8 U.S.C. § 1101(f); INA § 101(f); 8 C.F.R. § 316.10(b)(2); (2) that they are a person of good moral

character, *see* INA § 316(a),(d); 8 U.S.C. § 1427(a),(d); and (3) that they have not committed or been convicted of certain criminal offenses, including crimes involving moral turpitude, *see* INA § 101(f), 8 U.S.C. § 1101(f).

Defendants argue, that although this Court has jurisdiction to decide the matter, the Court should remand a case to an agency for decision on a matter that statutes have placed primarily in agency hands. The United States Supreme Court, in <u>INS v. Ventura</u>, 537 U.S. 12 (2002), articulated its concerns with courts conducting de novo review into a matter that Congress has entrusted to an administrative agency. The Supreme Court reiterated its view that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." citing <u>SEC v Chenery Corp.</u>, 332 U.S. 194, 196 (1947)(describing the reasons for remand). The principle of remanding a case to an agency for a decision of a matter that statutes place is based upon the reasoning that

> The Agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.

<u>Ventura</u>, 537 U.S. at 17.

Defendants attach as an exhibit to their motion for remand the declaration of Darvin L. Weirich, the Assistant Officer in Charge of the Fresno Sub-office of the USCIS. Mr. Weirich declares that as the Assistant Officer in Charge, "I have the ability to access and review the administrative files relating to naturalization applications to determine their eligibility for naturalization." Regarding Plaintiff's application, Mr. Weirich declares that "in the event that the District Court orders that this action be remanded back to the jurisdiction of USCIS, USCIS agrees to complete the adjudication of the Plaintiff's Application for Naturalization within sixty (60) days of the remand date."

**The Court finds that remand to the USCIS is appropriate in this case. Should the USCIS fail to timely adjudicate Plaintiff's application, Plaintiff may** request a status

5

conference.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This case shall be remanded to the United States Citizenship and Immigration Service for further proceedings.

2. USCIS shall have 120 days in which to adjudicate Plaintiff's Application for Naturalization.

3. In the event USCIS fails to meet this deadline, Plaintiff may request a status conference. At that time, the Court will evaluate whether the case should be rescheduled for a bench trial or whether additional time for adjudication is warranted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

1
2  IT IS SO ORDERED.
3  **Dated:     June 13, 2007**                               **/s/  William M. Wunderlich**
                                                              UNITED STATES MAGISTRATE JUDGE
4
5